1   MARC M. SELTZER (54534)
    STEPHEN E. MORRISSEY (187865)
2   STEVEN G. SKLAVER (237612)
    TIBOR L. NAGY (*pro hac vice*)
3   SUSMAN GODFREY L.L.P.
    1901 Avenue of the Stars, Suite 950
4   Los Angeles, California 90067-6029
    Telephone: (310) 789-3100
5   Fax: (310) 789-3150
    email: mseltzer@susmangodfrey.com
6   email: smorrissey@susmangodfrey.com
    email: ssklaver@susmangodfrey.com
7   email: tnagy@susmangodfrey.com

8   MAXWELL M. BLECHER (26202)
    COURTNEY A. PALKO (233822)
9   BLECHER & COLLINS P.C.
    515 S. Figueroa Street, 17th Floor
10  Los Angeles, California 90071
    Telephone: (213) 622-4222
11  Fax: (213) 622-1656
    email: mblecher@blechercollins.com
12  email: cpalko@blechercollins.com

13  Attorneys for Plaintiffs

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16                    WESTERN DIVISION

17

18  JASON WHITE, BRIAN POLAK,          Case No.  CV 06-0999 VBF (MANx)
    JOVAN HARRIS, and CHRIS CRAIG
    on Behalf of Themselves and All Others  **STIPULATION AND [PROPOSED**
19  Similarly Situated,                 **AMENDED] ORDER**
                                        **REGARDING THE FORM AND**
20              Plaintiffs,             **MANNER OF CLASS NOTICE**

21      vs.

22                                      DATE:    June 19, 2007
                                        TIME:    3:30 p.m.
23  NATIONAL COLLEGIATE ATHLETIC        PLACE:   Courtroom of the
    ASSOCIATION, an unincorporated               Hon. Valerie Baker
24  association,                                  Fairbank

25              Defendant.

26

27

28

761052v1

WHEREAS, on June 19, 2007, the Court held a hearing on the form and manner of Class Notice, the parties have met and conferred and submit the proposed stipulated order regarding the form and manner of Class Notice.

Dated: July 6, 2007

MARC M. SELTZER
STEPHEN E. MORRISSEY
STEVEN G. SKLAVER
TIBOR NAGY
SUSMAN GODFREY L.L.P.

MAXWELL M. BLECHER
COURTNEY A. PALKO
BLECHER & COLLINS P.C.LLP

By: _____
Steven G. Sklaver
Attorneys for Plaintiffs

DATED: July 6, 2007

GREGORY L. CURTNER
ROBERT J. WIERENGA
MILLER, CANFIELD, PADDOCK &
STONE PLC

FRANK M. HINMAN
BINGHAM McCUTCHEN LLP

By: _____
Gregory L. Curtner

Attorneys for Defendant
National Collegiate Athletic Association

1

## ORDER

Having read and considered the parties March 6, 2007 Stipulation Regarding the Form and Manner of Class Notice, the Court's March 8, 2007 Order approving the stipulation, the June 15, 2007 Stipulation Regarding the Form and Manner of Class Notice, and the briefing and arguments related to and made at the June 19, 2007 hearing on the form and manner of Class Notice, and good cause appearing thereon, the Court HEREBY FINDS AND ORDERS as follows:

1.    The opt-out deadline contained in the Class Notice shall be October 1, 2007 and the Family Educational Rights and Privacy Act ("FERPA") objection deadline is August 22, 2007.

2.    The stipulated form of the Class Notice attached hereto as Exhibit 1 is approved as satisfying the requirements of Fed. R. Civ. P. 23(c)(2)(b) and constitutional due process, subject to the NCAA's right to challenge the sufficiency of Class Notice as set forth in Paragraph 4 of the Court's June 19, 2007 Minute Order.

3.    The NCAA shall have seven calendar days after the entry of this Order to provide the Class Notice to Class members' NCAA member institutions with the agreed transmittal letter and proof of service attached hereto as Exhibit 2. The NCAA will provide copies of the transmittal letter to plaintiffs' counsel, and will refer any questions regarding time, manner, procedure, reimbursement or similar issues related to dissemination of the class notice to plaintiffs' counsel. By agreeing to the provisions of this paragraph, the NCAA does not waive or impair in any way its right and ability to contend that communications with its members are subject to any joint defense privilege, and plaintiffs do not waive or impair their right and ability to challenge any privilege claim asserted by the NCAA.

4.    The NCAA's request not to provide the Class Notice to Class members' NCAA member institutions who have previously provided plaintiffs' counsel with a list of Class members' contact information is DENIED; the NCAA

2

1   will send the agreed upon request letter to all schools with student-athletes within

2   the class as presently defined.

3        5.   By sending the agreed upon transmittal letter requesting that

4   they do so, the NCAA shall encourage Class members' NCAA member institutions

5   to comply with the request to transmit the Class Notice to Class members or to

6   provide plaintiffs' counsel with a list of Class members' contact information. The

7   NCAA shall take no action to discourage its member institutions' cooperation with

8   that request.

9        6.   The Court finds that the form and manner of class notice ordered

10   herein is the best notice practicable under the circumstances, including individual

11   notice to all class members who can be identified through reasonable effort, and

12   satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(b) and constitutional due

13   process.

14        7.   The NCAA retains the right to challenge the efficacy, form and

15   manner of Class Notice as set forth in Paragraph 4 of the Court's June 19, 2007

16   Minute Order, and plaintiffs retain the right to oppose such challenge.

17

18   Dated: _July 10_, 2007

                                   Valerie Baker Fairbank
                                   United States District Judge

19

20

21

22

23

24

25

26

27

28

3

1

2          UNITED STATES DISTRICT COURT

3      FOR THE CENTRAL DISTRICT OF CALIFORNIA

4                WESTERN DIVISION

5
JASON WHITE, BRIAN POLAK,        ) Case No. CV 06-0999 VBF (MANx)
6  JOVAN HARRIS, AND CHRIS        )
CRAIG, on behalf of themselves and )
7  all others similarly situated,  )
                                   )
8              Plaintiffs,          )
                                   )
9          vs.                      )
                                   )
10 NATIONAL COLLEGIATE ATHLETIC)
ASSOCIATION,                       )
11                                 )
            Defendant.             )
12 _____)

13      **NOTICE OF PENDENCY OF CLASS ACTION AND**
14         **PRIVACY NOTICE UNDER FERPA**

15 TO:   ALL PERSONS WHO RECEIVED ATHLETIC-BASED GRANTS-IN-

16       AID FROM ANY OF THE:

17            (1) FOOTBALL PROGRAMS SPONSORED BY COLLEGES

18 AND UNIVERSITIES INCLUDED IN NCAA DIVISION I-A AT ANY TIME

19 BETWEEN FEBRUARY 17, 2002 AND THE PRESENT; OR

20            (2) MEN'S BASKETBALL PROGRAMS SPONSORED BY

21 COLLEGES OR UNIVERSITIES IN THE ACC, BIG EAST, BIG 10, BIG 12,

22 PAC-10, SEC, MOUNTAIN WEST, WAC, ATLANTIC 10, CONFERENCE

23 USA, MID-AMERICAN, SUN BELT, WEST COAST, HORIZON LEAGUE,

24 COLONIAL ATHLETIC ASSOCIATION, OR`MISSOURI VALLEY

25 CONFERENCES AT ANY TIME BETWEEN FEBRUARY 17, 2002 AND

26 THE PRESENT.

27            **THIS NOTICE MAY AFFECT YOUR RIGHTS**.

28

Exh. __1__ Pg. __4__

1     ***<u>Please Read This Court-Ordered Class Action Notice Carefully</u>***.

2        This notice is directed to you because your rights may be affected by

3     a class action pending in the United States District Court for the Central

4     District of California.  The name of the action is *Jason White, et al. v.*

5     *National Collegiate Athletic Association*, Case No. CV 06-0999-VBF

6     (MANx) ("this Action").  This notice is to inform you of the certification of the

7     Class, the nature of your claims, and your right to exclude yourself from the

8     Class.

9        **What is this case about?**  The allegations against the National

10    Collegiate Athletic Association ("NCAA") are set forth in Plaintiffs' Second

11    Amended Complaint filed with the Court on September 8, 2006.  Plaintiffs

12    claim that the NCAA and its member institutions have violated the federal

13    antitrust laws by entering into a horizontal agreement to limit the athletic-

14    based aid awarded to student-athletes to an amount capped at the grant-in-

15    aid ("GIA").  Under this GIA definition, member schools award certain

16    student-athletes athletic-based aid for their tuition, room and board, and

17    required books.  Plaintiffs claim that this agreement harms competition

18    because, absent any agreement, all major collegiate men's basketball and

19    football programs would compete with each other to offer student-athletes

20    financial aid packages equal to their full cost of attendance ("COA").

21    Plaintiffs claim that this GIA cap has damaged plaintiffs and the members of

22    the Class and unreasonably restrained competition.  Plaintiffs are seeking:

23    (1) the recovery of treble damages for the difference between the student-

24    athletes' actual cost of attendance and the amount of the GIA awarded; (2)

25    an injunction prohibiting the NCAA from enforcing its alleged unlawful and

26    anticompetitive agreement to cap athletic-based aid at an amount which

27    does not cover the full cost of attendance.

28    **What does the NCAA say about the lawsuit?**

Exh. 1 Pg. 5

1    The NCAA denies Plaintiffs' allegations that it has in any way violated

2    the antitrust laws.  The NCAA asserts several defenses to Plaintiffs' claims,

3    including that the NCAA's challenged actions are lawful, justified, and that

4    those practices have benefited competition, consumers, students, and

5    student-athletes, and have not harmed Plaintiffs or caused them any

6    damages.

7    **Class Certification Ruling**

8    On October 19, 2006, the Court entered an order certifying this Action

9    as a class action.  The certification of the Class does not mean that

10   Plaintiffs have prevailed or will prevail in this Action, or that any money

11   necessarily will be obtained for Class members, because the Court has not

12   yet addressed the merits of plaintiffs' claims and there are many contested

13   issues that have not yet been decided.  Unless modified by the Court, the

14   ruling does mean that any judgment in this case – whether favorable to

15   Plaintiffs or to Defendant – will bind all Class members who do not timely

16   elect to be excluded from the Class in the manner described below.

17   This Notice has been sent to you in the belief that you may be a

18   member of the Class whose rights may be affected by this lawsuit.  It should

19   not be understood as an expression of any opinion by the Court concerning

20   the merits of the Action.  This Notice is intended merely to advise you of the

21   pendency of the Action and of your rights with respect to it, including the

22   right to exclude yourself from the Class.

23   **Am I potentially affected by this Litigation?**

24   You are if you are a member of the following Class certified by the

25   Court: The individuals who received athletic-based GIAs from:

26   i.    Football programs sponsored by colleges and universities in

27         NCAA Division I-A ("Major College Football" programs) at any

28         time between February 17, 2002 and the present; or

3

Exh. 1  Pg. 6

ii.  Men's basketball programs sponsored by colleges and
universities in the ACC, Big East, Big 10, Big 12, Pac-10, SEC,
Mountain West, WAC, Atlantic 10, Conference USA, Mid-
American, Sun Belt, West Coast, Horizon League, Colonial
Athletic Association, or Missouri Valley Conferences ("Major
College Basketball" programs), at any time between February
17, 2002 and the present.

**What are My Rights as a Member of the Class?**

***If you wish to remain a member of the Class, you are not***
***required to do anything at this time***.  If you do not exclude yourself, as a
member of the Class, you will be bound by whatever happens in the lawsuit,
and you will not be able to sue the NCAA on your own about the antitrust
claims in this lawsuit.  Court-appointed counsel will represent all members
of the Class and will ask the Court to pay their fees and expenses out of
any recovery they achieve for the Class.  You may also hire your own
attorney at your own cost to speak or appear on your behalf.  In determining
whether you want to remain in or be excluded from the Class, you may want
to consult your own attorney.

If you remain a member of the Class:

(A)  The Class Representatives and Class Counsel will represent
your interests in presenting the claims against Defendant.  You
will not be personally responsible for Plaintiffs' attorneys' fees
or costs, except to the extent that the Court may award such
fees and costs to the attorneys which would be paid out of the
recovery in this Action, if any.  If you desire, you may appear by
your own attorney at your own expense.

(B)  You will have the right to participate in any recovery that may be
obtained from the Defendant in any judgment or settlement.  If

4

Exh. 1  Pg. 7

1    no recovery is obtained, you will be bound by that result, and

2    you will not be permitted to seek any other recovery from

3    Defendant for their conduct at issue in the Action.

4    ***If you do not wish to participate in the Class, you may choose to***

5    ***be excluded from the Class***.  By electing to be excluded from the Class:

6    (A)   You will not share in any damages recovery that the NCAA

7    might pay as a result of a judgment or settlement favorable to

8    Plaintiffs.

9    (B)   You will not be bound by any judgment favorable to Defendant.

10   (C)   You will have the right, at your own expense, to pursue any

11   individual antitrust claims claim that you may have against

12   Defendant by filing your own lawsuit.

13   If you want to be excluded from the Class, you must make a

14   personally signed, written request for exclusion. The request should provide

15   your name, address, and telephone number, and be signed by you.  The

16   request must be post-marked on or before October 1, 2007 and mailed to

17   the Class Claims Administrator at The Garden City Group, Inc., 105 Maxess

18   Road, Melville, New York 11747.

19   **Additional Information**

20   All references in this Notice to pleadings, allegations, claims,

21   defenses and Court orders are summaries.  Complete copies of the

22   pleadings, orders, and other publicly filed documents in this Action may be

23   examined and copied at any time during regular office hours at the office of

24   the Clerk of the Court, United States District Court for the Central District of

25   California, 312 North Spring Street, Los Angeles, California 90012, under

26   the file No. CV-06-0999 VBF (MANx).  The pleadings and orders are also

27   available on the NCAA website at:

28   www1.ncaa.org/eprise/main/administrator/white_v_ncaa/index.html

Exh. 1 Pg. 8

1       Any questions you have concerning the matters raised in this Notice,

2  or any corrections or change of name or address, should not be directed to

3  the Court or the NCAA but should be directed to Counsel for Plaintiffs.

4       Counsel for Plaintiffs are Steven Sklaver, Susman Godfrey LLP, 1901

5  Avenue of the Stars, Suite 950, Los Angeles, CA 90067-6029, (Telephone

6  number: (310) 789-3100), and Courtney Palko, Blecher & Collins, P.C., 515

7  South Figueroa Street, 17th Floor, Los Angeles, California 90071,

8  (Telephone number: (213) 622-4222). Any requests for additional

9  information about the case can be submitted to counsel in writing at either

10  address listed above, in an envelope that bears the legend "Inquiry by

11  Absent Class Member: White v. NCAA." You may, of course, seek the

12  advice and guidance of your own attorney if you desire. For further

13  information, you may view the pleadings and orders on the web site at:

14                        &lt;www.StudentAthleteClassAction.com&gt;

15       Counsel for the NCAA are Miller, Canfield, Paddock and Stone

16  P.L.C., 101 North Main Street, 7th Floor, Ann Arbor, Michigan 48104-1400,

17  and Bingham McCutchen LLP, Three Embarcadero Center, San Francisco,

18  California 94111-4067.

19  **What is FERPA and How Does This Lawsuit Affect My Privacy Rights?**

20       The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C.

21  § 1232g; 34 CFR Part 99) is a federal law that protects the privacy of

22  student education records. The law applies to all schools that receive funds

23  under an applicable program of the U.S. Department of Education. FERPA

24  gives parents certain rights with respect to their children's education

25  records. These rights transfer to the student when he or she reaches the

26  age of 18 or attends a school beyond the high school level. Students to

27  whom the rights have transferred are "eligible students." Generally,

28  schools must have written permission from the parents or eligible student in

1    order to release any information from a student's education record.

2    However, FERPA allows schools to disclose those records, without

3    consent, to comply with a judicial order or lawfully issued subpoena.  (34

4    CFR § 99.31(a)(9)(i).)  However, schools must make a reasonable effort to

5    notify the parent or eligible student of the subpoena in advance of

6    compliance, so that the parent or eligible student may seek protective

7    action.  Schools may disclose, without consent, "directory" information such

8    as a student's name, address, telephone number, date and place of birth,

9    honors and awards, and dates of attendance unless the student requests

10    otherwise.

11           If a parent or eligible student initiates legal action against an

12    educational agency or institution, the educational agency or institution may

13    disclose in the action, without a court order or subpoena, the student's

14    education records that are relevant for the educational agency or institution

15    to defend itself.

16           Plaintiffs have issued subpoenas to the 180 NCAA member

17    institutions which comprise the Class members' colleges and universities in

18    order to identify Class members and to obtain financial aid information

19    about these Class members.  A copy of the documents requested in the

20    subpoena is attached hereto as Exhibit A.  You are hereby notified that this

21    information has been requested and will be used for purposes of this

22    litigation only although it may become part of the public record.  It will

23    facilitate matters if you consent to your school's disclosure of the

24    information requested in the subpoena.  Unless you respond to the contrary

25    before August 22, 2007 your consent to the disclosure of this information

26    will be implied.

27           For additional information about FERPA, you may call (202) 260-3887

28    or write to:

7

Exh.___1___ Pg. 10

1    Family Policy Compliance Office

2    U.S. Department of Education

3    400 Maryland Avenue, SW

4    Washington, D.C. 20202-5920

5

6    This Notice has been approved by the Court.

7            **EXCEPT AS SET FORTH IN THIS NOTICE,**

8            **PLEASE DO NOT CONTACT THE COURT.**

9

10                   Hon. Valerie Baker Fairbank

11              UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exh. ___ Pg. ___

# Exhibit A

# EXHIBIT A

**Instructions and Definitions:**

      1.    By Order of the Court dated October 20, 2006, counsel serving this subpoena is counsel for the certified class of all individuals who received athletic-based GIA's from colleges and universities that sponsor (i) football programs included in NCAA Division I-A, and (ii) men's basketball programs sponsored by colleges and universities in the ACC, Big East, Big 10, Big 12, Pac-10, SEC, Mountain West, WAC, Atlantic 10, Conference USA, Mid-American, Sun Belt, West Coast, Horizon League, Colonial Athletic Association, or Missouri Valley Conferences at any time between February 17, 2002 and the present.

      2.    "Documents" shall mean, without limitation, all writings, including without limitation the following items, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand and whether or not claimed to be privileged against discovery on any grounds: agreements, communications, contracts, model contracts, form contracts, notes, correspondence, records, reports, telegrams, telexes, computer print-outs, designs, photographs, illustrations, proposals, letters, opinions, memoranda, analysis, manuals, guidelines, work papers, diaries, calendars, journals, receipts, telephone logs and minutes of meetings, notebooks, summaries or records of conversations, statistical statements, drafts of any documents, stenographic or stenotype notes, voice recordings, computer data, non-paper information storage such as tapes, films, disks and computer memory devices and electronic mail.

      Documents also includes entries and summaries made in "Compliance Assistant," which the NCAA describes as "a tool designed to help administrators ensure that their athletic department and student-athletes are in compliance with NCAA legislation. In addition to applying NCAA legislation in the areas of financial aid, eligibility, recruiting, athletics personnel and playing and practice seasons, it is a data-collection system that can be used to generate NCAA-required forms and other forms created by the user. This program, documentation and technical support are provided free to the NCAA membership."

      3.    "GIA" shall mean an athletics-based grant-in-aid that consists of tuition and fees, room and board, and/or required course-related books.

      4.    "COA" shall mean cost of attendance, defined by NCAA Bylaw 15.02.2, as the amount calculated by the financial aid office, using federal

Exh. ___ Pg. 12

regulations, that includes the total cost of tuition and fees, room and board, books and supplies, transportation and other expenses related to attendance at the institution.

5.   The time frame of documents requested in this subpoena is from the beginning of the 2001-02 academic year until the present, except that the time frame for documents requested in numbers 7 and 17-20 is unlimited.

**Documents Requested:**

1.   Documents sufficient to identify the last known contact information, including the name, permanent home address, last known address, and telephone number, of every men's basketball and football player provided a GIA.

2.   Documents sufficient to identify the student-athletes participating in your men's basketball and football programs for each academic year from 2001-02 through the present.

3.   Documents sufficient to identify the number, recipients, and financial value of GIA's provided to men's basketball and football players, including whether the GIA's were full or partial. The financial value of each GIA should be sub-divided into the following categories: (i) tuition and fees, (ii) room and board, and (iii) required course-related books.

4.   For all GIA's provided to men's basketball or football players that were not full GIA's, documents sufficient to identify the reason each GIA was not a full GIA.

5.   Documents sufficient to identify whether you provided the maximum number of GIA's permitted by NCAA rules to men's basketball and football players for each academic year and, if not, the reasons that you did not provide the maximum number of GIA's permitted by NCAA rules in any year.

6.   Documents sufficient to calculate COA for student-athletes during the academic year, including any differentials in COA for in-state and out of state students; students living on or of off campus; and students living at home. The COA amounts should be subdivided into (i) tuition and fees, (ii) room and board, (iii) books and supplies, (iv) transportation, and (v) other expenses related to attendance at the institution, identifying and sub-diving those other expenses (e.g., laundry, child care, etc.).

Exh. 1 Pg. 13

7.     Documents sufficient to identify all athletics-based financial aid provided to student-athletes to cover expenses other than (i) tuition and fees, (ii) room and board, and (iii) required course-related books.  This request includes, but is not limited to, any athletics-based financial aid awarded for laundry expenses, as permitted under NCAA rules prior to 1974.

8.     Documents sufficient to identify any additional athletic or non-athletic financial aid provided to student-athletes receiving GIA's for men's basketball or football, including information on the name of the financial aid (e.g., Pell Grant) and the basis for the aid (e.g., need, ethnicity, academics, etc.).

9.     Documents sufficient to show the annual budget and annual financial results and performance of your athletic department and of men's basketball and football programs, including all revenues, expenses, and profits.

10.     Documents sufficient to identify any categories of athletics-related revenues (e.g., trademark or licensing revenues, unallocated donations, donations to your institution's general fund or endowment) that are not included in your athletics department's budget and financial results.

11.     Documents sufficient to show the accounting of expenditures on athletics recruiting, by sport, including budgets and actual expenditures.

12.     For men's football and basketball, documents sufficient to show a list of all primary and secondary violations of any NCAA rules.

13.     Financial Reports for men's basketball, football, and athletics program as audited in accordance by NCAA Bylaw 6.2.3.

14.     All available Self-Study Reports conducted and required under NCAA Bylaw 6.3.

15.     Documents sufficient to show the full pay of men's football and basketball coaches (including assistants) and athletic director(s), dividing full pay between salary and benefits, and sub-dividing amongst specific benefits (e.g., health insurance, retirement, etc.).

16.     Documents sufficient to identify the number of men's football and basketball walk-ons subsequently awarded a GIA.

17.     Documents related to, discussing, praising, criticizing, or referencing the enactment or consequences of NCAA Bylaw 15.02.5.

Exh. 1  Pg. 14

18.   Documents related to, discussing, praising, criticizing, advocating, or referencing increasing the value of GIAs.

19.   Documents related to, discussing, praising, criticizing, advocating, or referencing the enactment or consequences of NCAA Bylaw 2.13.

20.   Documents related to, discussing, praising, criticizing, advocating, or referencing increasing GIA's to cover COA.

This request includes, but is not limited to, documents related to, discussing, praising, criticizing, advocating, or referencing NCAA Present Myles Brand's position on increasing GIA's to cover COA.

- *See, e.g.,* Myles Brand, "Welfare of Student-Athletes NCAA's Top Priority," Letter to the Editor, *Denver Post,* Aug. 17, 2003.   ("Ideally, the value of an athletically related scholarship would be increased to cover the full-cost of attendance, calculated at between $2000 and $3000 more per year than is currently provided.   I favor this approach of providing the full cost of attendance.").

- *See, e.g.,* "Brand Addresses NASR Symposium Addresses Issues With College Sports," *New Orleans Times Picayune,* November 12, 2003. ("In fact, I would like to see, over time, the grant increased to cover the full cost of attendance, which would be another $2,000 to $3,000 a year for each full-scholarship student-athlete.") (quoting Myles Brand speech at the National Symposium for Athletics Reform)

21.   Documents related to, discussing, praising, criticizing, or referencing this lawsuit.

Exh. 1 Pg. 15

SUBJECT:    Class Notice in *White, et al., v. NCAA*, Case No. CV 06-0999 VBF (MANx),
                United States District Court, Central District, California.

Dear Colleagues:

As previously mentioned to you, the Court has certified a class of current and former student-athletes and approved the form and manner of providing notice of its class certification order.

Enclosed with this memo are copies of the Class Notice and the revised Stipulation Regarding the Form and Manner of Class Notice, which has been approved by the Honorable Valerie Baker Fairbank, United States District Judge, and entered as an Order of the Court (the "Stipulated Order"). A provision describing class members' rights under FERPA can be found at pages 6-8 of the Class Notice.

Pursuant to the Stipulated Order, the NCAA hereby requests and encourages you to transmit the Class Notice to individual class members who are or were enrolled at your institution during the Class Period, as described below, by first-class mail to their last known off-campus addresses for former student-athletes and to their last known campus and off-campus addresses for current student-athletes. Alternatively, you are requested to provide plaintiffs' counsel with a list of class members and the last known off-campus addresses for former student-athletes and the last known campus and off-campus addresses for current student-athletes.

The Class certified by the Court presently includes all persons at any time since February 17, 2002 who have received athletic-based grants-in-aid from any of the following:

- Football programs sponsored by colleges and university included in NCAA Division I-A; and

- Men's basketball programs sponsored by colleges and universities in the ACC, Big East, Big 10, Big 12, PAC-10, SEC, Mountain West, WAC, Atlantic 10, Conference USA, Mid-American, Sun Belt, West Coast, Horizon League, Colonial Athletic Association, or Missouri Valley Conferences.

The Court has also ordered that plaintiffs are required to reimburse all NCAA member schools who transmit the Class Notice for the costs of first-class postage and actual copying charges of up to $.10 per page. Please remit a copy of reimbursement invoices directly to plaintiffs' counsel at the following address: Dennis Sobczak, 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067, tel (310) 789-3100, fax (310) 789-310-3150, or if by email dsobczak@susmangodfrey.com. In order to receive reimbursement for postage or copying charges, or even if reimbursement is not requested, NCAA member schools are also requested to provide a Proof of Service that verifies that the institution transmitted the Class Notice in the manner described above. Enclosed is the form of the Proof of Service you should use.

Exh. 2 Pg. 16

For any member institution that does not forward the Class Notice directly to its student-athletes within the class definition, or any institution that indicates that its costs of delivering notice will exceed the reimbursement costs detailed above, the NCAA requests that you furnish plaintiffs' counsel with a list of names and last known off-campus addresses for its former student-athletes and last known campus and off-campus addresses for its current student-athletes, so that plaintiffs can provide that list to a claims administration firm to undertake the mailing of Class Notice to the members of the Class.

The NCAA requests that you comply with the above procedures within **four (4) weeks** of receiving this letter.  If you have any questions or concerns concerning the Class Notice or the above procedures, please contact plaintiffs' counsel, Amy Brantly, at abrantly@susmangodfrey.com (310-789-3138).  Please copy the NCAA on any written communications on this subject with a copy to Kimberly Scott, kscott@millercanfield.com.

Thank you for your anticipated attention and cooperation.

2

Exh. 2 Pg. 17

# PROOF OF SERVICE OF CLASS NOTICE

I, _____, declare under penalty of

perjury under the laws of the United States of America that the following is true

and correct:

I am employed by or for _____. I am over

the age of 18 and not a party to the below referenced action; my business address is

_____.

On _____, 2007, I served the Class Notice approved by the

Court in *White, et al., v. NCAA*, Case No. CV 06-0999 VBF (MANx), United

States District Court, Central District, California, by placing copies of the Class

Notice in the U.S. Postal Service with postage thereon fully prepaid, first-class

mail, addressed to individual class members who attended

_____ at their last known addresses.

Executed on _____ (date), at _____ (city/state).

_____                _____
(Type of Print Name)                        ( Signature)

666551                                                Exh. 2 Pg. 18

## PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067-6029.

On July 6, 2007, I served the foregoing document(s) described as follows:

**STIPULATION AND [PROPOSED AMENDED] ORDER REGARDING THE FORM AND MANNER OF CLASS NOTICE**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

_____ BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

_____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____ BY FAX
I served by facsimile as indicated on the attached service list.

_XX_ BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on July 6, 2007, at Los Angeles, California

_____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_XX_ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Helen Danielson
(Type or Print Name)

(Signature)

761052v1

1

## MASTER SERVICE LIST

**ATTORNEYS FOR PLAINTIFFS**
Marc M. Seltzer
Stephen E. Morrissey
Steven G. Sklaver
Tibor L. Nagy
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067-6039
    Telephone:  (310) 789-3100
    Fax:  (310) 789-3150
email: mseltzer@susmangodfrey.com
email: smorrissey@susmangodfrey.com
email: ssklaver@susmangodfrey.com
email: tnagy@susmangodfrey.com


Maxwell M. Blecher
Courtney A. Palko
BLECHER & COLLINS P.C.
515 S. Figueroa Street, 17th Floor
Los Angeles, California  90071
    Telephone:  (213) 622-4222
    Fax:  (213) 622-1656
email: mblecher@blechercollins.com
email: cpalko@blechercollins.com

**ATTORNEYS FOR DEFENDANTS**
Gregory L. Curtner
Robert J. Wierenga
Kimberly Kefalas
Atleen Kaur
MILLER, CANFIELD, PADDOCK
  AND STONE P.L.C.
101 North Main Street, 7th Floor
Ann Arbor, MI  48104-1400
    Telephone:  (734) 663-2445
    Fax:  (734) 663-8624
email: curtner@millercanfield.com
email: wierenga@millercanfield.com
email: kefalas@millercanfield.com
email: kaur@millercanfield.com


David M. Balabanian
Frank M. Hinman
Nora C. Cregan
Farschad Farzan
BINGHAM MCCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA  94111-4067
    Telephone:  (415) 393-2000
    Fax:  (415) 393-2286
email: david.balabanian@bingham.com
email: frank.hinman@bingham.com
email: nora.cregan@bingham.com
email: farschad.farzan@bingham.com

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

761052v1