1  MILLER, CANFIELD, PADDOCK AND STONE PLC
   GREGORY L. CURTNER (*pro hac vice*)
2  ROBERT J. WIERENGA (SBN 183687)
   KIMBERLY KEFALAS (*pro hac vice*)
3  ATLEEN KAUR (*pro hac vice*)
   KIMBERLY L. SCOTT (*pro hac vice*)
4  101 North Main Street, 7th Floor
   Ann Arbor, MI 48104-1400
5  Telephone: (734) 663-2445
   Facsimile: (734) 663-8624
6  email: curtner@millercanfield.com

7  BINGHAM McCUTCHEN LLP
   DAVID M. BALABANIAN (SBN 37368)
8  FRANK M. HINMAN (SBN 157402)
   HAYWOOD S. GILLIAM, JR. (SBN 172732)
9  DAVID BEACH (SBN 226972)
   MIT WINTER (SBN 238515)
10 Three Embarcadero Center
   San Francisco, CA  94111-4067
11 Telephone:  (415) 393-2000
   Facsimile:  (415) 393-2286
12 email: david.balabanian@bingham.com

13 Attorneys for Defendant
   NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

14

15                 UNITED STATES DISTRICT COURT

16                CENTRAL DISTRICT OF CALIFORNIA

17                      WESTERN DIVISION

18  JASON WHITE, et al.,                    No. CV06-0999 VBF (MANx)

19           Plaintiffs,                    **STIPULATION AND
                                            AGREEMENT OF SETTLEMENT
20      v.                                  BETWEEN PLAINTIFFS AND
                                            DEFENDANT NATIONAL
21  NATIONAL COLLEGIATE ATHLETIC            COLLEGIATE ATHLETIC
    ASSOCIATION,                            ASSOCIATION**
22
             Defendant.
23

24

25

26

27

28

813310v1/008924

STIPULATION AND AGREEMENT OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION (CV06-0999 VBF (MANx))

1    This Stipulation and Agreement of Settlement ("Stipulation") is entered into

2    between (i) Class Representative plaintiffs Jovan Harris, Jason White, Brian Polak,

3    and Chris Craig ("Plaintiffs"), on behalf of themselves and the Class (as defined

4    below in ¶1(a)) and (ii) defendant National Collegiate Athletic Association

5    ("NCAA") (collectively "the Settling Parties" or "Parties").  This Stipulation is

6    intended by the Settling Parties to fully and finally compromise, resolve, discharge

7    and settle the  above-entitled action ("the Action") subject to the terms and

8    conditions set forth below:

9    **WHEREAS:**

10   **The Litigation**

11   A.    On February 17, 2006, Plaintiffs filed a class action complaint on

12   behalf of a putative class comprised of  all student-athletes who received athletic-

13   based grants-in-aid participating in major Division I football and men's basketball

14   programs between February 17, 2002 and the date of judgment in this matter,

15   whom, they claimed, have been, are or will be damaged by the alleged "GIA cap"

16   on athletic-based financial aid to student-athletes.  On April 13, 2006, the NCAA

17   moved to dismiss that complaint.  Plaintiffs opposed that motion and filed a

18   memorandum supporting their opposition.  On June 16, 2006, the Court granted the

19   NCAA's motion to dismiss, in part, with leave to amend.

20   B.    On June 30, 2006, Plaintiffs filed their First Amended Complaint

21   ("FAC").  On July 20, 2006, the NCAA moved to dismiss the FAC.  Plaintiffs

22   opposed this motion and filed a memorandum supporting their opposition.  On

23   September 20, 2006 the Court issued an order denying the NCAA's motion.

24   C.    On September 8, 2006, Plaintiffs filed their Second Amended

25   Complaint ("SAC"), on behalf of all persons who received athletic-based grants-in-

26   aid ("GIAs") from any of the (1) football programs sponsored by colleges and

27   universities included in NCAA Division I-A or (2) men's basketball programs

28   sponsored by colleges or universities in the ACC, Big East, Big 10, Big 12, Pac-10,

STIPULATION AND AGREEMENT OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT NATIONAL
COLLEGIATE ATHLETIC ASSOCIATION (CV06-0999 VBF (MANx))

813310v1/008924

1    SEC, Mountain West, West Coast, Horizon League, Colonial Athletic Association,

2    or Missouri Valley conferences, at any time between February 17, 2002 and the

3    date of judgment in this matter.  The SAC, which is the operative complaint in this

4    matter, alleges that the NCAA and its members have, through a horizontal

5    agreement in violation of Section 1, of the Sherman Act, 15 U.S.C. § 1 capped the

6    amount of athletic-based financial aid any student-athlete may receive at the GIA

7    level, and that absent that agreement student athletes in the Class would receive

8    athletic-based financial aid covering the full cost of attendance ("COA") at their

9    respective schools.  The NCAA filed its answer to the SAC on October 5, 2006.

10        D.      On August 29, 2006, Plaintiffs filed a motion and supporting

11   memoranda to certify the Action as a class action and to appoint themselves as

12   class representatives.  The NCAA opposed that motion and filed memoranda

13   supporting its opposition.  On October 19, 2006, the Court issued an order granting

14   the motion and certifying the Action as a class action.  The class that was certified

15   is defined as the individuals who received athletic-based GIAs from colleges and

16   universities that sponsor (i) football programs included in NCAA Division I-A; or

17   (ii) men's basketball programs sponsored by colleges or universities in the ACC,

18   Big East, Big 10, Big 12, Pac-10, SEC, Mountain West, WAC, Atlantic 10,

19   Conference USA, Mid-American, Sun Belt, West Coast, Horizon League, Colonial

20   Athletic Association, or Missouri Valley Conferences, at any time between

21   February 17, 2002 and the entry of judgment in this matter.

22        E.      On August 30, 2007, the NCAA filed a motion for judgment on the

23   pleadings and supporting memoranda.  Plaintiffs opposed that motion and filed a

24   memorandum supporting their opposition.  The Court issued an order denying the

25   NCAA's motion on October 11, 2007.

26        F.      On October 22, 2007, the NCAA filed motions for summary judgment

27   and class decertification.  The hearing dates and briefing deadlines on those

28

1   motions were vacated at the request of the Parties in anticipation of this

2   Stipulation.

3         G.    Class Counsel have conducted an extensive investigation relating to

4   the allegations made in the SAC and the defenses asserted by the NCAA.  As part

5   of this investigation, Class Counsel propounded document requests to the NCAA,

6   and served document subpoenas on its members and other non-parties and

7   reviewed approximately 500,000 pages of documents produced by the NCAA and

8   its members.

9         H.    Through discovery and investigation, Class Counsel have inquired

10  into pertinent facts by taking depositions and conducting interviews.  As of

11  December 3, 2007, Class Counsel have conducted 18 depositions of witnesses with

12  relevant knowledge, including 16 witnesses currently or formerly associated with

13  the NCAA or its members.  Class Counsel have also retained and consulted

14  extensively with experts to review, advise, and offer opinions on the issues

15  germane to the claims of the Class.

16        I.    This Stipulation resulted from extensive negotiations between Class

17  Counsel and the NCAA.  The process included several in-person mediation

18  sessions supervised by the Hon. Daniel Weinstein, Judge of the Superior Court

19  (Ret.), and numerous telephonic and email exchanges.

20        J.    Plaintiffs and Class Counsel believe that the investigation described

21  above provides an adequate and satisfactory basis for the Settlement described

22  herein.

23  **Benefits of the Settlement to the Settlement Class**

24        K.    Plaintiffs and Class Counsel recognize and acknowledge the expense

25  and length of continued proceedings necessary to prosecute the Action against the

26  NCAA through trial and appeal.  They have also considered the uncertain outcome

27  and the risk of protracted litigation, especially in complex litigation such as the

28  Action, as well as the difficulties and delays inherent in any such litigation.  They

4

STIPULATION AND AGREEMENT OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT NATIONAL
COLLEGIATE ATHLETIC ASSOCIATION (CV06-0999 VBF (MANx))

813310v1/008924

1    are further mindful of the inherent problems of proof and possible defenses to the

2    claims of federal antitrust law violations asserted in the Action and therefore

3    believe that it is desirable that the Released Claims be fully and finally

4    compromised, settled and resolved with prejudice and enjoined as set forth herein.

5    Based upon their evaluation, and with the concurrence of Judge Weinstein serving

6    as mediator, Plaintiffs and Class Counsel have determined that the Settlement set

7    forth in this Stipulation is fair, reasonable and adequate and in the best interests of

8    the Class.

9    **<u>NCAA's Denial of Wrongdoing</u>**

10    L.    At all times, the NCAA has denied and continues to deny that it has

11    committed, or has threatened or attempted to commit, any wrongful act or violation

12    of law or duty of any nature, and contends that it has acted properly and lawfully.

13    Nevertheless, the NCAA desires to settle and terminate the claims asserted in the

14    Action so as to avoid the substantial expense, inconvenience and distraction of

15    continued litigation of the Action.

16    M.    It is further expressly understood and agreed that the provisions

17    contained in this Stipulation and all related documents shall not be deemed a

18    presumption, concession or admission by the NCAA of any violation of law,

19    breach of duty, liability, default or wrongdoing as to any facts or claims alleged or

20    asserted in the Action, or in any other actions or proceedings, all of which are

21    denied, and shall not be interpreted, construed, deemed, invoked, offered or

22    received in evidence or otherwise used by any person in the Action or in any other

23    action or proceeding of any nature whatsoever, other than to enforce the

24    Stipulation.

25    NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO

26    AND AGREED, by Plaintiffs, for themselves and on behalf of the Class,  and by

27    the NCAA that, subject to the approval of the Court, the Action shall be settled,

28    compromised and dismissed on the merits and with prejudice and that the Released

1  Claims shall be fully and finally compromised, settled and released as to the

2  Released Persons, in the manner and upon the terms and conditions set forth

3  herein:

4  **<u>Definitions</u>**

5      1.      The following terms, used in this Stipulation, shall have the meanings

6  specified below:

7          (a)      For purposes of this Stipulation, and for such purposes

8  alone, "Class" means all persons who received athletic-based GIAs from any

9  of the (1) football programs sponsored by colleges and universities included

10  in NCAA Division I-A; or (2) men's basketball programs sponsored by

11  colleges and universities in the ACC, Big East, Big 10, Big 12, Pac-10, SEC,

12  Mountain West, WAC, Atlantic 10, Conference USA, Mid-American, Sun

13  Belt, West Coast, Horizon League, Colonial Athletic Association, or

14  Missouri Valley Conferences, at any time between February 17, 2002 and

15  the entry of Judgment in the Action, which period shall include the entire

16  academic year 2007-2008.

17          (b)      "Class Member" means a member of the Class who has

18  not submitted a timely, signed request for exclusion.

19          (c)      "Class Period" means the period beginning February 17,

20  2002 through the entry of Judgment in the Action.

21          (d)      "Court" means the United States District Court for the Central

22  District of California.

23          (e)      "District Court Approval" means the entry of the Judgment.

24          (f)      "Effective Date" or "Final Approval" means the first day

25  following the date on which the order granting District Court Approval is finally

26  affirmed on appeal or is no longer subject to appeal or certiorari.

27          (g)      "NCAA" means the National Collegiate Athletic Association,

28  its subsidiaries and predecessors.

1          (h)    "Judgment" means the judgment to be entered in the Litigation

2  pursuant to paragraph 9 below.

3          (i)    "Class Counsel" means the law firms of Susman Godfrey

4  L.L.P. and Blecher & Collins, P.C.

5          (j)    "Plaintiffs" means Jason White, Chris Craig, Jovan Harris, and

6  Brian Polak.

7          (k)    "Litigation" and "Action" mean case number CV-06-0999 VBF

8  (MANx) in the United States District Court for the Central District of California,

9  Western Division entitled *White v. NCAA*.

10          (l)    "Mediator" means the Hon. Daniel Weinstein, Judge of the

11  Superior Court (Ret.).

12          (m)    "Person" means any individual, corporation, partnership,

13  association, affiliate, joint stock company, estate, trust, unincorporated association,

14  entity, government and any political subdivision thereof, or any other type of

15  business or legal entity.

16          (n)    "Preliminary Approval Order" means the Order that Plaintiffs

17  and the NCAA will seek from the Court, as described in paragraph 6, below.  Entry

18  of a "Preliminary Approval Order" shall constitute "Preliminary Approval" of the

19  Settlement.

20          (o)    "Released Persons" means and includes the "Defendant's

21  Released Persons" and the "Plaintiffs' Released Persons" as follows:

22              1.    "Defendant's Released Persons" shall mean and include

23  the NCAA, the NCAA's members, the parents, affiliates, subsidiaries,

24  predecessors, successors, or assigns of the NCAA and its members, and all past,

25  present or future officers, directors, associates, stockholders, controlling persons,

26  representatives, employees, attorneys, auditors and accountants, underwriters,

27  insurers, financial or investment advisors or agents, heirs, executors, trustees,

28

7

1  general or limited partners or partnerships, personal representatives, estates or

2  administrators of any of the foregoing.

3        2.   "Plaintiffs' Released Persons" shall mean and include the

4  Plaintiffs, and all other Class Members, and their predecessors, successors, assigns,

5  parents, heirs, administrators, executors, attorneys and personal representatives.

6        (p)   "Released Claims" means and includes

7        1.   any and all claims, causes of action, demands,

8  rights, or liabilities (including but not limited to claims for violation of the

9  federal antitrust laws or violations of the law of any state), and any

10  Unknown Claims that have been or that could have been asserted in this or

11  any other forum by or on behalf of the Plaintiffs or any Class Member based,

12  in whole or in part, on any of the acts, events or occurrences alleged in the

13  Second Amended Complaint, including any claim that Articles 15 and 16 of

14  the NCAA's Division I Operating Bylaws unlawfully restricted NCAA

15  members from providing athletic-based aid to Class Members in amounts at

16  the Class Member's COA level.

17        2.   all claims asserted or unasserted by or on behalf of the

18  NCAA against Plaintiffs or Class Members or their predecessors, successors,

19  assigns, parents, heirs, administrators, executors, attorneys or personal

20  representatives relating to the institution or prosecution of the Action.

21        (q)   "Settlement" means the settlement of the Action between

22  and among Plaintiffs on behalf of themselves and the Class Members and

23  the NCAA as set forth in this Stipulation.

24        (r)   "Settlement Consideration" means the consideration the

25  NCAA has agreed to provide in return for the Settlement of this action, as

26  described in paragraph 2 below.

27        (s)   "Settling Parties" or "Parties" means the Plaintiffs, on

28  behalf of themselves and the Class, and the NCAA.

1          (t)     "Unknown Claims" means any claims which the

2    Plaintiffs or any Class Member does not know or suspect to exist in his or its

3    favor at the time of the release which, if known by him or it, might have

4    affected his or its settlement with and release of the Released Persons, or

5    might have affected his or its decision to enter into or not to object to this

6    Stipulation.  Solely with respect to any and all Released Claims, the parties

7    hereto agree that, upon the Effective Date, the Plaintiffs and all Class

8    Members shall be deemed to have, and by operations of the Judgment shall

9    have, expressly waived, the provisions, rights and benefits of California

10    Civil Code §1542, which provides:

11
12        A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his
13        settlement with the debtor.

14    Solely with respect to any and all Released Claims, the Plaintiffs shall expressly

15    and each of the Class Members shall be deemed to have, and by operation of the

16    Judgment shall have, expressly waived any and all provisions, rights and benefits

17    conferred by any law of any state or territory of the United States, or principle of

18    common law, which is similar, comparable or equivalent to California Civil Code

19    § 1542.  The Plaintiffs and/or Class Members may hereafter discover facts in

20    addition to or different from those which he or it now knows or believes to be true

21    with respect to the subject matter of the Released Claims, but Plaintiffs shall

22    expressly and each Class Member, upon the Effective Date, shall be deemed to

23    have, and by operation of the Judgment shall have, fully, finally, and forever

24    settled and released any and all Released Claims, known or unknown, suspected or

25    unsuspected, contingent or non-contingent, whether or not concealed or hidden,

26    which now exist, or heretofore have existed upon any theory of law or equity now

27    existing or coming into existence in the future, including, but not limited to,

28    conduct which is negligent, intentional, with or without malice, or a breach of any

STIPULATION AND AGREEMENT OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (CV06-0999 VBF (MANx))

813310v1/008924

1  duty, law, or rule, without regard to subsequent discovery or existence of such
2  different or additional facts.  The  Plaintiffs acknowledge, and Class Members
3  shall be deemed by operation of the Judgment to have acknowledged, that the
4  foregoing waiver is separately bargained for and a key element of the Settlement.

5  **Settlement Consideration**

6       2.      In full and complete settlement of the Released Claims, the NCAA
7             agrees to provide the following consideration, for the benefit of the Class
8             Members, in settlement of the claims against it:

9             (a)     For the academic years 2007-08 through 2012-13, the NCAA
10  will make available a total of $218 million to NCAA Division I member
11  institutions to use, if and to the extent they choose, for the benefit of their student-
12  athletes for purposes allowed under the current guidelines for the Student-Athlete
13  Opportunity Fund.  The NCAA may use the funds currently used for the Special
14  Assistance Fund and the Academic Enhancement Fund for this purpose.  The
15  NCAA will encourage the Division I member institutions to use the available funds
16  for such aid to student-athletes with demonstrated financial and/or academic needs,
17  and to include such assistance in their reports to the NCAA describing their uses of
18  these funds.  Consistent with current practice, those reports will not be disclosed
19  outside the NCAA.  This provision does not affect the Academic Performance
20  Program and those funds will continue to be allocated to Division I member
21  institutions that have student-athletes with specific academic needs.

22             (b)     The NCAA will make available, over a three-year period, a
23  total of $10 million to be distributed on a claims-made basis to qualifying former
24  student-athletes who are Class Members to reimburse them for bona fide
25  educational expenses hereafter incurred such as tuition, fees, books, supplies and
26  equipment required for courses of instruction, subject to the following individual
27  limits: (1) a single one-time payment from the NCAA of up to $500 to cover
28  career development expenses such as resume preparation, career counseling, or job

1 placement services, or, at the NCAA's option, the provision of such services from

2 vendors identified by the NCAA; and (2) up to $2,500 per year for a maximum of

3 three years to reimburse *bona fide* educational expenses incurred in connection

4 with a program at an accredited institution leading to a two or four-year

5 undergraduate degree or an accredited professional (*e.g.*, law, medical, education,

6 dentistry or other professional programs), graduate, or post-graduate degree or

7 professional certificate (*e.g.*, a teaching, paralegal, or continuing education

8 certificate offered by a two or four-year college or university).  If at the end of the

9 three-year period, any portion of the $10 million has not been expended, it will be

10 the subject of a supplemental distribution by the NCAA over the three subsequent

11 years, or fewer years if the NCAA chooses, to the Division I schools having

12 substantially the same effect as an additional contribution to the funds listed in

13 Paragraph 2(a) above.  In meeting its obligations under this paragraph, the NCAA

14 may not use funds currently allocated to its degree completion program or its

15 postgraduate scholarship program.  The NCAA will establish and maintain

16 throughout the three-year period a website that describes these benefits and the

17 terms on which they are available and the process by which eligible Class

18 Members may submit their applications for such benefits together with any

19 necessary documentation and provides links to the application forms for such

20 benefits.  The website will also provide an address to which Class Members may

21 submit any questions they may have about the claims process.  The deadline for

22 submission of claims for such benefits shall be six months prior to the end of the

23 three year period described above, in order to provide sufficient time for the

24 processing and payment of claims prior to the date fixed for the disposition of any

25 unclaimed funds.

26         (c)     Arrangements have been made under which the NCAA's

27 Division I member schools can provide basic accident insurance coverage for

28 injuries sustained by student-athletes while participating in college athletics.

STIPULATION AND AGREEMENT OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT NATIONAL
COLLEGIATE ATHLETIC ASSOCIATION (CV06-0999 VBF (MANx))
813310v1/008924

1          (d)     Conditioned upon final approval of this Settlement, the NCAA

2    Division I Board of Directors has approved adoption of a rule permitting, but not

3    requiring, Division I member schools to provide year round, comprehensive health

4    insurance to student-athletes.

5          (e)     The possibility of allowing aid through graduation to student-

6    athletes who no longer qualify for athletics-based aid has been recommended by

7    the NCAA staff and is currently under study by the NCAA's Academic/Eligibility/

8    Compliance Cabinet.  The NCAA will also place before the Cabinet for study the

9    question of allowing member schools to provide multi-year scholarships to

10   student-athletes.

11   **Notice of Settlement**

12        3       Plaintiffs will be responsible for notifying the Class Members of the

13               Settlement.  In addition to the Settlement Consideration detailed above, the

14               NCAA agrees to pay up to a maximum of $100,000 to Class Counsel

15               toward the reasonable out-of pocket costs incurred in connection with

16               providing of the Class Settlement Notice to the Class.  Class Counsel shall

17               provide the NCAA, upon request, appropriate documentation of all out-of-

18               pocket costs incurred in connection with providing the Class Settlement

19               Notice.

20        4       Plaintiffs shall promptly provide the NCAA with information

21               sufficient for the NCAA to determine, with reasonable specificity, the

22               number and identity of the members of the Class who have been sent notice

23               to date of the pendency of the Action, the contents of such notice and the

24               means by which they were notified and the number and identities of the

25               members of the Class who elected to opt out.  If the NCAA determines, in

26               good faith, that the notice provided to date is not sufficient to secure an

27               effective release from a substantial majority of the Class, it reserves the

28               right to request that additional notice procedures be employed, including

1    without limitation, the inclusion of a further opt-out period in the Class

2    Settlement Notice.  If the NCAA requires that a notice be given to the Class

3    in addition to the original class notice and the Class Settlement Notice or

4    that notice be given in some form or manner other than that prescribed by

5    the Court with respect to the original class notice, the NCAA shall bear the

6    cost of such additional or different notice.

7         5      The NCAA shall have the option to terminate the Settlement in the

8    event that more than 3% of the Class timely and validly opt out of the Class,

9    or are not bound and validly released for any reason or combination of

10   reasons.

11   **<u>Submission of the Settlement to Court for Approval</u>**

12        6.     Promptly upon execution of the Stipulation, the Settling Parties shall

13   apply to the Court for preliminary approval of the Settlement and approval

14   of the Class Settlement Notice, and for the scheduling of a hearing for

15   consideration of final approval of the Settlement.

16        7.     The Settling Parties have agreed upon the following documents to be

17   submitted to the Court for its consideration along with this Stipulation:

18   [Proposed] Order Preliminarily Approving Settlement and Providing for

19   Notice to the Class (Exhibit A); and Notice of Class Action Settlement and

20   Fairness Hearing (Exhibit B) ("Class Settlement Notice").

21        8.     The Settling Parties shall jointly apply to the Court for entry of the

22   [Proposed] Order Preliminarily Approving Settlement and Providing for

23   Notice to the Class, and a Hearing Date for Final Approval of Settlement,

24   substantially in the form attached hereto as Exhibit A, requesting, *inter alia*:

25        (a)    the preliminary approval of the Settlement set forth in the

26   Stipulation;

27        (b)    setting a hearing (the "Fairness Hearing"), upon notice to the

28   Class, to consider:  (i) whether the Settlement should be approved as fair,

1   reasonable and adequate to the Class, and whether an order should be entered

2   dismissing on the merits and with prejudice the claims that are or ever have been

3   asserted in the Litigation by Plaintiffs and the Class Members against the NCAA

4   and Defendant's Released Persons who are or have been named as defendants in

5   the Litigation; and (ii) Lead Counsel's application for an award of attorneys' fees

6   and payment of costs and expenses;

7         (c)    approving the method of giving notice of pendency and

8   proposed Settlement to the Class Members;

9         (d)    approving the form of notice attached hereto as Exhibit B; and

10        (e)    setting a period of time during which Class Members may serve

11  written objections to the Settlement, or the application for attorneys' fees and

12  expenses.

13        9.    If the Court approves the Settlement, the Parties shall jointly request

14  entry of a Judgment, the entry of which is a condition of this Stipulation and

15  Settlement:

16        (a)    approving the Settlement as fair, reasonable and adequate,

17  within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and

18  directing its consummation pursuant to its terms;

19        (b)    directing that the claims of Plaintiffs and the Class Members be

20  dismissed without costs and with prejudice, and releasing the Released Claims as

21  against each of Defendants' Released Persons;

22        (c)    finding that the complaints filed by Plaintiffs, and all

23  responsive pleadings and motions filed by the NCAA, or any of Defendant's

24  Released Persons who are or have been named as defendants in the Litigation,

25  were filed on a good faith basis in accordance with Rule 11 of the Federal Rules of

26  Civil Procedure;

27

28

1         (d)     permanently barring and enjoining the institution and

2    prosecution by Plaintiffs and other Class Members of any other action against the

3    Defendant's Released Persons in any court asserting any Released Claim;

4         (e)     permanently barring and enjoining the institution and

5    prosecution by the NCAA of any action against Plaintiffs, Plaintiffs' Released

6    Persons, and other Class Members in any court asserting any Released Claim;

7         (f)     reserving jurisdiction over this Litigation, including all further

8    proceedings concerning the administration, consummation and enforcement of this

9    Settlement;

10        (g)     containing such other and further provisions consistent with the

11   terms of this Settlement, to which the parties hereto expressly consent in writing.

12   **Attorneys Fees and Expenses**

13        10.     In addition to the Settlement Consideration described above, the

14   NCAA has agreed as part of the Settlement not to object to Class Counsel's

15   request for approval by the Court of attorneys' fees of $7.5 million and partial

16   reimbursement of expenses of $1.1 million for a total amount not to exceed $8.6

17   million.

18        11.     At the Fairness Hearing, Class Counsel will request entry of an order

19   approving their application for an award of attorneys' fees and expenses.  In

20   addition to the Settlement Consideration described above, Plaintiffs may also

21   apply for incentive payments in the amount of $5,000 for each of them and for the

22   former student-athletes who provided deposition testimony in the Action.

23        12.     The NCAA agrees not to oppose these applications and to pay the

24   amounts awarded by the Court in response to them in addition to the Settlement

25   Consideration described above.  Thirty days after entry of the Preliminary

26   Approval Order the NCAA will deposit into an interest bearing account the sum of

27   $8.6 million to be disbursed in accordance with the Court's order on the

28   application of Class Counsel for an award of attorneys' fees and expenses.  Any

15

STIPULATION AND AGREEMENT OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT NATIONAL
COLLEGIATE ATHLETIC ASSOCIATION (CV06-0999 VBF (MANx))

813310v1/008924

1    portion of the sum so deposited which is not awarded to Class Counsel shall be

2    returned to the NCAA.

3    **Releases**

4         13.    As of the Effective Date, Plaintiffs and all Class Members release all

5    of the Released Claims described in paragraph 1(p)(1) above, against the

6    Defendant's Released Persons.

7         14.    As of the Effective Date, the NCAA releases all of the Released

8    Claims described in paragraph 1(p)(2) above, against the Plaintiffs' Released

9    Persons.

10   **Effect of Disapproval, Cancellation or Termination of Agreement**

11        15.    If the Court does not enter the Judgment substantially in the form

12   provided for in paragraph 9, or if the Court enters the Judgment and appellate

13   review is sought and on such review, the entry of Judgment is vacated, modified

14   or reversed, then this Stipulation shall be cancelled and terminated, unless all

15   Settling Parties who are adversely affected thereby, in their sole discretion within

16   thirty days from the date of the mailing of such ruling to such Settlement Parties,

17   provide written notice to all other Parties of their intent to proceed with the

18   settlement under the terms of the Judgment as it may be modified by the Court.

19   Such notice may be provided on behalf of Plaintiffs and the Class Members by

20   Class Counsel.  No party shall have any obligation whatsoever to proceed under

21   any terms other than substantially in the form provided and agreed to herein.  If

22   any party hereto engages in a material breach of the terms hereof, any other party,

23   provided that it is in substantial compliance with the terms of this Stipulation, may

24   terminate this agreement on 10-days' notice to the breaching party or sue for

25   enforcement.

26        16.    In the event this Stipulation is terminated or cancelled or fails to

27   become effective for any reason, the parties to this Stipulation shall be deemed to

28   have reverted *nunc pro tunc* to their respective status as of the date and time

1    immediately before the execution of this Stipulation and they shall proceed in all

2    respects as if this Stipulation and related orders had not been executed and without

3    prejudice in any way from the negotiation, fact or terms of this Stipulation.

4          17.    This Stipulation, whether or not consummated, and any proceedings

5    or agreements relating to the Stipulation, the Settlement, and any matters arising in

6    connection with settlement negotiations, proceedings, or agreements:

7          (a)    shall not be offered or received against the NCAA as evidence

8    of or construed as or deemed to be evidence of any presumption, concession, or

9    admission by the NCAA of the truth of any fact alleged by Plaintiffs or the validity

10    of any claim that had been or could have been asserted in the Action or in any

11    litigation, or the deficiency of any defense that has been or could have been

12    asserted in the Action or in any litigation, or of any liability, negligence, fault, or

13    wrongdoing of the NCAA;

14          (b)    shall not be deemed to be or used as an admission of any

15    liability, negligence, fault or wrongdoing of the NCAA in any civil, criminal or

16    administrative proceeding in any court, administrative agency or other tribunal;

17          (c)    shall not be construed against the NCAA or the Plaintiffs or any

18    Class Member as an admission or concession that the consideration to be given

19    hereunder represents the amount which could be or would have been awarded to

20    said Plaintiffs or Class Members after trial; and

21          (d)    shall not be construed as or received in evidence as an

22    admission, concession or presumption against Plaintiffs or any Class Members or

23    any of them that any of their claims are without merit.

24    **Miscellaneous Provisions**

25          18.    All of the Exhibits attached hereto shall be incorporated by reference

26    as though fully set forth herein.

27          19.    This Stipulation may be amended or modified only by a written

28    instrument signed by counsel for the Settling Parties or their successors-in-

1    interest.

2        20.    The Settling Parties intend this Stipulation to be a final and complete

3    resolution of all disputes asserted or which could be asserted by the Class

4    Members against the Defendant's Released Parties with respect to the Released

5    Claims.  Accordingly, the Parties agree not to assert in the Litigation or in any

6    other judicial forum that the Litigation was brought or defended in bad faith or

7    without a reasonable basis.  The NCAA agrees not to assert any claim under Rule

8    11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation

9    that the Litigation was brought in bad faith or without a reasonable basis.

10   Plaintiffs and the Class Members agree not to assert any claim under Rule 11 of

11   the Federal Rules of Civil Procedure or any similar law, rule or regulation that any

12   pleading filed, motion made or position taken by the NCAA, or their counsel, in

13   the Litigation was filed, made or taken in bad faith or without a reasonable basis.

14   The Settling Parties agree that the terms of this Stipulation were negotiated at

15   arm's length and in good faith by the Settling Parties, and reflect a settlement that

16   was reached voluntarily based upon adequate information and sufficient discovery

17   and after consultation with experienced legal counsel, and under the supervision of

18   the Mediator, and that none of the Settling Parties is a "prevailing party."

19       21.    The Settling Parties agree that the Settlement set forth herein

20   constitutes a fair, reasonable and adequate resolution of the claims that Plaintiffs

21   asserted against the NCAA.

22       22.    To the extent permitted by law, all agreements made and orders

23   entered during the course of the Litigation relating to the confidentiality of

24   information shall survive this Stipulation.

25       23.    The waiver by one party of any breach of this Stipulation by any

26   other party shall not be deemed a waiver of any other prior or subsequent breach

27   of this Stipulation.

28       24.    This Stipulation and its exhibits constitute the entire agreement

STIPULATION AND AGREEMENT OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT NATIONAL
COLLEGIATE ATHLETIC ASSOCIATION (CV06-0999 VBF (MANx))

1   among these parties, and no representations, warranties or inducements have been

2   made to or relied upon by any party concerning this Stipulation or its exhibits,

3   other than the representations, warranties and covenants contained and

4   memorialized in such documents.

5        25.    In the event that there exists a conflict or inconsistency between the

6   terms of this Stipulation and the terms of any exhibit attached hereto, the terms of

7   this Stipulation shall prevail.

8        26.    This Stipulation may be executed in one or more counterparts.  All

9   executed counterparts and each of them shall be deemed to be one and the same

10  instrument provided that counsel for the parties to this Stipulation shall exchange

11  among themselves original signed counterparts.

12       27.    The Settling Parties and their respective counsel of record agree that

13  they will use their best efforts to obtain all necessary approvals of the Court

14  required by this Stipulation.

15       28.    Each counsel signing this Stipulation represents that such counsel has

16  authority to sign this Stipulation on behalf of his client or clients.

17       29.    Plaintiffs and Class Counsel represent, acknowledge and agree that

18  none of the claims or causes of action asserted in the Action has been assigned or

19  in any manner transferred, in whole or in part, by Plaintiffs.

20       30.    Nothing in this Stipulation or the negotiations relating thereto, is

21  intended to or shall be deemed to constitute a waiver of any applicable privilege or

22  immunity, including, without limitation, attorney-client privilege, joint defense

23  privilege, or work product immunity.

24       31.    Class Counsel and Plaintiffs agree not to share their work product or

25  experts with any other person or entity unless required to do so by law or court

26  order entered subsequent to the Stipulation.

27       32.    This Stipulation shall be binding upon and shall inure to the benefit

28  of the successors and assigns of the parties hereto, including any and all Released

813310v1/008924

1    Parties and any corporation, partnership, or other entity into or with which any

2    party hereto may merge, consolidate or reorganize.

3          33.    Notices required by this Stipulation shall be submitted either by any

4    form of email, overnight mail, or in person to:

5                      SUSMAN GODFREY L.L.P.
6                      Marc M. Seltzer
                       1901 Avenue of the Stars, Suite 950
7                      Los Angeles, CA 90067
                       mseltzer@susmangodfrey.com
8
                       BLECHER & COLLINS P.C.
9                      Maxwell M. Blecher
                       515 S. Figueroa St., 17th Floor
10                     Los Angeles, CA 90071
11                     mblecher@blechercollins.com

12                     COUNSEL FOR PLAINTIFFS AND THE CLASS

13                     MILLER, CANFIELD, PADDOCK AND STONE P.L.C.
                       Gregory L. Curtner
14                     101 North Main St., 7th Floor
15                     Ann Arbor, MI 48104
                       curtner@millercanfield.com
16
                       BINGHAM McCUTCHEN LLP
17                     David M. Balabanian
                       Three Embarcadero Center
18                     San Francisco, CA 94111
19                     david.balabanian@bingham.com

20                     COUNSEL FOR THE DEFENDANT NCAA

21         34.    Any action based on this Stipulation or to enforce any of its terms

22   shall be venued in the United States District Court for the Central District of

23   California, which shall retain jurisdiction over all such disputes.  All parties to this

24   Stipulation shall be subject to the jurisdiction of the United States District Court

25   for the Central District of California for all purposes related to this Litigation and

26   this Stipulation.

27         35.    This Stipulation shall be governed by and construed in accordance

28   with the laws of the State of California, without regard to that State's rules

STIPULATION AND AGREEMENT OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT NATIONAL
COLLEGIATE ATHLETIC ASSOCIATION (CV06-0999 VBF (MANx))
813310v1/008924

1   regarding conflict of laws, to the extent that federal law does not apply.

2

3   DATED: January 28, 2008       MILLER, CANFIELD, PADDOCK & STONE PLC

4

5                                 By
6                                    Gregory L. Curtner (*pro hac vice*)
                                     Attorneys for Defendant
7   DATED: January 28, 2008          National Collegiate Athletic Association

8                                 BINGHAM McCUTCHEN LLP

9                                 By
10                                   David M. Balabanian
                                     Attorneys for Defendant
11                                   National Collegiate Athletic Association

12

13  DATED: January 28, 2008       SUSMAN GODFREY L.L.P.

14

15                                By
                                     Marc M. Seltzer
16  DATED: January 28, 2008          Attorneys for Plaintiffs

17                                BLECHER & COLLINS P.C.

18

19                                By
                                     Maxwell M. Blecher
20                                   Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

                                       21