MARC M. SELTZER (54534)
STEPHEN E. MORRISSEY (187865)
STEVEN G. SKLAVER (237612)
TIBOR L. NAGY (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Fax:  (310) 789-3150
email: mseltzer@susmangodfrey.com
email: smorrissey@susmangodfrey.com
email: ssklaver@susmangodfrey.com
email: tnagy@susmangodfrey.com

MAXWELL M. BLECHER (26202)
COURTNEY A. PALKO (233822)
BLECHER & COLLINS P.C.
515 S. Figueroa Street, 17th Floor
Los Angeles, California  90071
Telephone:  (213) 622-4222
Fax:  (213) 622-1656
email: mblecher@blechercollins.com
email: cpalko@blechercollins.com

Attorneys for Plaintiffs

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JASON WHITE, BRIAN POLAK, JOVAN HARRIS, and CHRIS CRAIG on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, an unincorporated association,<br><br>Defendant. | Case No.  CV 06-0999 VBF (MANx)<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING: (1) FINAL APPROVAL OF SETTLEMENT, (2) AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND (3) APPLICATION FOR INCENTIVE AWARDS; AND ENTRY OF FINAL JUDGMENT DISMISSING ACTION WITH PREJUDICE**<br><br>DATE:  August 4, 2008<br>TIME:  1:30 p.m.<br>PLACE:  Courtroom 9<br>Hon. Valerie B. Fairbank |

865654v1/008924

This matter came before the Court for hearing pursuant to the Order of this Court dated February 4, 2008, on the application of the parties for final approval of the Settlement set forth in the Stipulation of Settlement ("Stipulation") entered into by Plaintiffs and Defendant National Collegiate Athletic Association ("NCAA"). Due and adequate notice have been given to the Class as required by the Order, and the Court having considered all papers filed and proceedings herein and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth therein.

2. This Court has jurisdiction over the subject matter of this action and over all parties thereto, including all Settlement Class Members.

3. The Class definition in this settlement is the same as the certified Class definition in the Court's Order entered October 19, 2006, and includes all persons who received athletic-based GIAs from any of the (1) football programs sponsored by colleges and universities included in NCAA Division I-A; or (2) men's basketball programs sponsored by colleges and universities in the ACC, Big East, Big 10, Big 12, Pac-10, SEC, Mountain West, WAC, Atlantic 10, Conference USA, Mid-American, Sun Belt, West Coast, Horizon League, Colonial Athletic Association, or Missouri Valley Conferences, at any time between February 17, 2002 through the entry of Judgment in the Action. Jason White, Brian Polak, Jovan Harris, and Chris Craig are appointed as representatives of the Class. Marc M. Seltzer, Susman Godfrey L.L.P. and Maxwell M. Blecher, Blecher & Collins, P.C., are designated as counsel for the Class ("Class Counsel"). The individuals identified in Exhibit A attached hereto have opted out of the Class and are therefore excluded from the Class.

4. This Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement and the releases given in said Settlement have been

865654v1/008924

1

entered and given in good faith and are, in all respects, fair, reasonable, and adequate to the Class.

5. The Court also finds that an award of attorneys' fees to Class Counsel is appropriate under the circumstances. Class Counsel request a combined award of $7,500,000 plus interest in attorneys' fees, which request represents a lodestar multiplier of 1.34. Class Counsel further request reimbursement for out-of-pocket expenses in the amount of $1,100,000. The Court finds Class Counsel's requests to be reasonable given the risks and work undertaken by Class Counsel to achieve a Settlement which provides for a combination of substantial benefits to Class Members. The Court hereby awards to Class Counsel $7,500,000 plus interest in attorneys' fees and $1,100,000 in out-of-pocket expenses for a total of $8,600,000 plus interest, the full amount of which shall be paid by Defendant in addition to the Settlement consideration.

6. The Court also finds that the named plaintiffs and former student-athletes who provided deposition testimony in this case are entitled to an incentive award. The nine individuals entitled to incentive awards are the four named plaintiffs: Jason White, Brian Polak, Jovan Harris, and Chris Craig; and the five other former student-athletes who provided deposition testimony in this action: Scott Blair, Andrew Heiser, Zachary Giles, Hulon Crayton, and Ramogi Huma. Plaintiffs request an incentive award of $5,000 each as compensation for their contribution to this litigation. The Court finds the request for incentive awards is justified and therefore hereby awards the nine incentive compensation awards in the amount of $5,000 each, for a total of $45,000, the full amount of which shall be paid by Defendant in addition to the Settlement consideration.

7. These actions and all claims contained therein are dismissed without costs and with prejudice as to the Plaintiffs and the other Members of the Settlement Class solely as against the Released Persons, as defined in the Stipulation. The parties are to bear their own costs, except as otherwise provided in

the Stipulation.

8. The Settlement is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform according to their terms.

9. Upon the Effective Date hereof, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Order and related Judgment, shall have fully, finally, and forever released, relinquished and discharged all Released Claims against the Defendant's Released Persons, including the NCAA, defined in the Stipulation.

10. Plaintiffs and other Members of the Settlement Class are enjoined and prohibited from asserting, pursuing, or prosecuting any Released Claims against the Defendant's Released Persons, including the NCAA, defined in the Stipulation. The NCAA is enjoined and prohibited from asserting, pursuing, or prosecuting any Released Claims against Plaintiffs, Plaintiffs' Released Persons, and Settlement Class Members in any court asserting any Released Claim.

11. The Complaints filed by Plaintiffs, and all responsive pleadings and motions filed by the NCAA, or any of the Defendant's Released Persons who are or have been named as defendants in the Litigation, were filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure.

12. The Notice of the Settlement given to Settlement Class Members pursuant to this Court Order, and described in the Declarations of Courtney A. Palko and Jennifer M. Keough, meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all Persons entitled thereto.

13. Neither the Stipulation, the Settlement contained therein, any proceedings taken hereunder, nor any act performed or document executed pursuant to, or in furtherance of, or in reaching the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the

1 validity or lack thereof of any fact alleged, or any Released Claim or defense
2 asserted or that may have been asserted in the Class Action, or of any wrongdoing
3 or liability of Defendant; or (b) is or may be deemed to be or may be used as an
4 admission or, of evidence of, any fault or omission of Defendant in any civil,
5 criminal, or administrative proceeding in any court, administrative agency or other
6 tribunal, other than in such proceedings as may be necessary to consummate or
7 enforce this Stipulation or the Settlement provided herein, or the Judgment, except
8 that Defendant may file the Stipulation and/or the Judgment in any action that may
9 be brought against it in order to support a defense or counterclaim based on
10 principles of *res judicata*, collateral estoppel, release, good faith settlement,
11 judgment bar, offset, or reduction, or any other theory of claim preclusion or similar
12 defense or counterclaim.

13   14.   Without affecting the finality of this Order and related Judgment in
14 any way, this Court hereby retains continuing jurisdiction over this Stipulation and
15 Litigation, including jurisdiction over: (a) all further proceedings concerning the
16 administration, consummation, enforcement, and implementation of the Settlement;
17 and (b) all parties hereto for the purpose of construing, enforcing and administering
18 the Stipulation.

19   15.   In the event the Settlement does not become effective in accordance
20 with the terms of the Stipulation, this Judgment shall be rendered null and void null
21 and void to the extent provided by and in accordance with the Stipulation and shall
22 be vacated and, in such event, all orders entered and releases delivered in
23 connection herewith shall be null and void to the extent provided by and in
24 accordance with the Stipulation.

25 //
26 //
27 //
28 //

16. The Court directs that a judgment shall be entered in accordance with the terms of this Order.

IT IS SO ORDERED.

DATED: August 5, 2008

_____
Honorable Valerie B. Fairbank
U.S. District Court Judge